**Debra G. JONES, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE, Respondent.**

**No. C4-91-370.**

Court of Appeals of Minnesota.

Aug. 20, 1991.

Review Denied Oct. 11, 1991.

Rodney C. Hanson, Anderson, Burgett, Spilseth & Hanson, Willmar, for appellant.

Michael S. Kreidler, Stich, Angell, Kreidler & Muth, P.A., Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and NORTON and LOMMEN,* JJ.

## OPINION

CRIPPEN, Judge.

The trial court awarded compensatory damages to appellant Debra Jones on her claim that respondent Liberty Mutual Insurance intentionally obstructed payment of workers' compensation benefits. On appeal, appellant contends primarily that the trial court erred in failing to make a substantial punitive damages award. We affirm.

## FACTS

Appellant claimed compensatory and punitive damages under the statute on intentional obstruction of workers' compensation benefits. Minn.Stat. § 176.82 (1990).

After a one-day bench trial, the trial court determined appellant was entitled to relief under the statute. The court awarded $15,-000 in general damages for pain and emotional distress but awarded no punitive damages. Although Jones submitted a claim for $25,000 in attorney fees and costs, the trial court granted her reasonable fees of $7,500 and necessary costs of $2,213.56.

The trial court found respondent intentionally obstructed appellant's benefits by delaying payment for expenses related to appellant's 1986 back problems. Jones permanently injured her back at work in 1975. In the fall of 1986, she underwent a back operation leading to loss of three weeks of work in September 1986, one week of work in October 1986, and three weeks of work in December 1986. Jones submitted several claims to respondent for her medical expenses and total temporary disability payments. The insurer neither denied appellant's claims nor paid them. Even after entry of a stipulated award on the claims, remittance for most of appellant's expenses and disability payments was not forthcoming. Not until the summer of 1989 when a second stipulated award was entered did the insurer fully pay appellant's 1986 claims.

Despite finding that long and damaging payment delays constituted an intentional obstruction of compensation benefits in violation of Minn.Stat. § 176.82, the trial court awarded no punitive damages. On appeal, Jones seeks a remand to the trial court, and specifically with directions to enter a large punitive damage award in her favor. Appellant also seeks a remand to the trial court so it may explain its partial attorney fee award. Finally, appellant argues she is entitled to a new trial because the trial court excluded three letters between the insurer and its attorney on grounds of attorney/client privilege.

## ISSUE

Did the trial court commit reversible error by failing to award substantial punitive

---

\* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

damages after finding the insurer intentionally obstructed payment of workers' compensation benefits?

## ANALYSIS

1. Punitive damages.

■ A decision on the amount of a punitive damage award lies almost exclusively within the province of the fact finder. *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 259 (Minn.1980). We cannot disturb the award on appeal unless it is so excessive as to be unreasonable. *Id.* Under this standard of review, we can envision only rare circumstances where an appellate court might mandate punitive damages not awarded by the trial court. We do not find those circumstances here.

Minn.Stat. § 176.82 (1990) provides:

Any person discharging or threatening to discharge an employee for seeking worker's compensation benefits or in any manner intentionally obstructing an employee seeking worker's compensation benefits is liable in a civil action for damages incurred by the employee * * * and for punitive damages not to exceed three times the amount of any compensation benefit to which the employee is entitled.

■ Actions under the statute are reserved for extremely outrageous conduct. *Bergeson v. United States Fidelity & Guar. Co.*, 414 N.W.2d 724, 727 (Minn. 1987). Nonetheless, nothing in the language of the statute requires that punitive damages be awarded in every case. Rather, the punitive damage award is permissive, subject to the judgment of the fact finder. *See* Minn.Stat. § 176.82.

■ The purpose of all punitive damage awards, including those awardable under Minn.Stat. § 176.82, is to punish the offender and to deter conduct. *See Hodder v. Goodyear Tire & Rubber Co.*, 426 N.W.2d 826, 837 (Minn.1988) (discussing punitive damages in products liability context), *cert. denied*, 492 U.S. 926, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989); *Kaluza v. Home Ins. Co.*, 403 N.W.2d 230, 235 (Minn. 1987). Punitive damage awards are to relate proportionately to the egregiousness of the misconduct. *Hodder*, 426 N.W.2d at 837.[1]

■ Here, appellant's dispute over the trial court's total denial of her claim for punitive damages is understandable. The insurer's intentional obstruction of appellant's worker's compensation benefits is the type of behavior Minn.Stat. § 176.82 was intended to punish and to deter. *See Kaluza*, 403 N.W.2d at 235. The failure to award punitive damages despite findings on obstruction risks arbitrarily defeating the statutory aim for deterrence. *See id.*

Notwithstanding objectionable effects of the trial court's decision, we are not free to remand the case to the trial court with orders to grant the large punitive damage award sought by appellant. To do so would disregard the permissive nature of the statutory provision on punitive damages, and go beyond the established standard of review governing our judgment.

2. Other issues.

■ Appellant also argues a remand is necessary so the trial court can explain

---

**1.** The factors to be considered when determining the proportionality of punitive damages awarded under Minn.Stat. § 549.20 (1990) include:

[t]he seriousness of hazard to the public arising from the defendant's misconduct, the profitability of the misconduct to the defendant, the duration of the misconduct and any concealment of it, the degree of the defendant's awareness of the hazard and of its excessiveness, the attitude and conduct of the defendant upon discovery of the misconduct, the number and level of employees involved in causing or concealing the misconduct, the financial condition of the defendant, and the total effect of other punishment likely to be imposed upon the defendant as a result of the misconduct, including compensatory and punitive damage awards to the plaintiff and other similarly situated persons, and the severity of any criminal penalty to which the defendant may be subject.

Minn.Stat. § 549.20, subd. 3. The legislature recently added subdivision 5 to Minn.Stat. § 549.20 which orders trial and appellate courts to review punitive damages awarded under Minn.Stat. § 549.20 in light of these subdivision 3 factors. *See* 1990 Minn.Laws ch. 555, § 549.-20, subd. 5 (1990).

further why it granted only a partial attorney fee award. The trial court's memorandum shows it exercised its discretion and determined Jones was entitled to reasonable attorney fees of $7,500 and reasonable costs of $2,213.56. The trial court was in a superior position to determine the reasonable value of the legal services received by Jones. *See Anderson v. Hunter, Keith, Marshall & Co.*, 417 N.W.2d 619, 629 (Minn.1988). Where the record shows Jones was represented by two attorneys and trial proceedings were concluded in a single day, there was no clear abuse of discretion in the trial court's decision that a portion of appellant's attorney fees were unreasonable. *See id.*

 Finally, appellant claims the trial court's exclusion of three letters between the insurer and its attorney on grounds of attorney/client privilege constitutes reversible error. We disagree. The exclusion of these letters was harmless because the trial court had enough evidence before it without the letters to justify an award of punitive damages if it had chosen to make one. Nothing in the record suggests that admission of these letters would have changed the outcome of the trial. *See Uselman v. Uselman*, 464 N.W.2d 130, 138 (Minn.1990) (prejudicial error must be shown to obtain a new trial on grounds of an erroneous evidentiary ruling).

### DECISION

We cannot mandate a substantial punitive damages award in the circumstances here. The trial court did not err in failing to award appellant all the attorney fees she claimed. Exclusion of letters between the insurer and its attorney was harmless.

Affirmed.